UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN BAROCIO-MENDEZ,[1]<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN OF IMMIGRATION DETENTION FACILITY,<br><br>　　　　Respondents. | Case No. 20-cv-06110-YGR (PR)<br><br>**ORDER TO SHOW CAUSE; AND ADDRESSING PENDING MOTIONS** |

## I.　INTRODUCTION

This action was reassigned from a magistrate judge to the undersigned in light of a recent Ninth Circuit decision.[2] Petitioner has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his ongoing detention by the United States Immigration and Customs Enforcement ("ICE") at the Mesa Verde ICE Processing Facility in Bakersfield, California. He has paid the full filing fee. Dkt. 1. He also seeks appointment of counsel, a stay of removal, and leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. Dkts. 3-5. Because Petitioner has paid the $5.00 filing fee, his IFP application is DENIED as moot. Dkt. 3.

## II.　BACKGROUND

Petitioner was born in Mexico, admitted into the United States on or about 1977, and is not a citizen of the United States. On an unstated date, petitioner was convicted of attempted murder. Beginning on May 29, 2018, ICE "refuse[d] to establish a bond" due to his aforementioned criminal conviction. Petitioner has since remained in ICE custody without bond. On or about August 24, 2018, an Immigration Judge ordered Petitioner removed from the United States. Petitioner appeal that decision, but his appeal was dismissed on March 7, 2019.

---

[1] Petitioner's last name is incorrectly listed as "MENDEZ-BAROCIO" in the Court's electronic case management filing system, and the Clerk of the Court is directed to correct it to reflect his correct last name: "BAROCIO-MENDEZ." *See* Dkt. 1 at 1.

[2] *Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) (magistrate judge lacked jurisdiction to dismiss case on initial screening because unserved defendants had not consented to proceed before magistrate judge).

On or about March 5, 2019, petitioner received a decision to continue detention from ICE, on or about May 24, 2019, he received a second such decision to continue detention, and on or about November 4, 2019, he received a third such decision to continue detention. Petitioner has requested that ICE release him to an Intensive Supervision Appearance Program ("ISAP"). However, ICE has refused to set a hearing on that ground because Petitioner's bond request had been denied by a federal judge. Petitioner claims that ICE's "refusal to establish a bond and/or release [him] under the ISAP program is unjustified and contrary to law." Dkt 1 at 7. Specifically, he asserts that his "ongoing immigration detention of approximately 27 months ('2 years and 3 months') has become unreasonably prolonged to the point of having become unconstitutional, absent a constitutionally compliant bond hearing evaluating his risk of flight and dangerousness." *Id.* at 1-2.

### III. DISCUSSION

#### A. Standard of Review

This court may entertain a petition for a writ of habeas corpus in behalf of a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

#### B. Claims

District courts have jurisdiction under 28 U.S.C. § 2241 to review habeas petitions by non-citizens challenging the lawfulness of their detention. *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Although 8 U.S.C. § 1231(a)(6) authorizes the government to continue to detain an alien after entry of a final removal order, it does not permit indefinite detention of an alien whose native country will not accept him if he is removed. *Id.* at 687-88, 697-98. Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute. *Id.* at 699-700.

Petitioner contends that his continued detention is unlawful under 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas*. Liberally construed, the petition states a

cognizable claim for habeas relief under section 2241 based on Petitioner's prolonged detention by ICE. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally).

Petitioner names five persons as Respondents, but only one is needed and only one is appropriate. There is generally only one proper respondent for a habeas petition under 28 U.S.C. § 2241, and that is the person "with the ability to produce the prisoner's body before the habeas court." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The "longstanding practice" in habeas petitions challenging present physical confinement is that the "warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official" is the proper respondent. *Id.* Here, the named Respondent listed as "Warden of Immigration Detention Facility" is the proper Respondent. The other named respondents are DISMISSED.

### C.   Request for Appointment of Counsel

Petitioner's request for appointment of counsel (dkt. 5) is DENIED without prejudice. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986) (unless an evidentiary hearing is required, the decision to appoint counsel in habeas corpus proceedings is within the discretion of the district court). Petitioner adequately presented his claim for relief in the petition. *Accord Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (although petitioner had no background in law, denial of appointment of counsel within discretion of district court where petitioner clearly presented issues in petition and accompanying memorandum). The Court will appoint counsel on its own motion if an evidentiary hearing is later required. *See Knaubert*, 791 F.2d at 728 (appointment of counsel mandatory if evidentiary hearing is required).

### D.   Motion to Stay Removal

Petitioner has filed a motion to stay removal pending a ruling on the instant petition. Dkt. 4. Service of a habeas petition does not stay the removal of an alien pending the court's decision on the petition, unless the court orders otherwise. *See* 8 U.S.C. § 1252(b)(3)(B). This provision establishes that courts retain the power to stay an alien's removal pending a petition for review. *Andreiu v. Ashcroft*, 253 F.3d 477, 480 (9th Cir. 2001) (en banc).

The standard applicable to a request for a stay is the discretionary stay standard in *Abbassi*

1  *v. INS*, 143 F.3d 513 (9th Cir. 1998). *Andreiu*, 253 F.3d at 480; *El Himri*, 344 F.3d at 1261-62.

2  Under *Abbassi*, the petitioner must show either (1) a probability of success on the merits and the

3  possibility of irreparable injury, or (2) that serious legal questions are raised and the balance of

4  hardships tips sharply in the petitioner's favor. *Andreiu*, 253 F.3d at 483 (denying motion for stay

5  because petitioner did not meet *Abbassi* standard). Congress did not intend for courts to grant

6  stays of removal every time an alien files a petition for review. *Id.* at 484. *Abbassi* strikes a

7  careful balance between the government's interest in enforcing the immigration laws and the

8  asylum seeker's interest in avoiding undue hardship. *Id.*

9      Here, at this time, the Court finds Petitioner has failed to satisfy either prong of the

10 standard set forth in *Abbassi*. Moreover, in his petition, Petitioner states that he filed a petition for

11 review in the Ninth Circuit Court of Appeals on March 11, 2019. Dkt. 1 at 8. He adds that his

12 "motion for stay of removal pending review was granted on September 17, 2019." *Id.* Therefore,

13 Petitioner's motion to stay removal is DENIED without prejudice. Dkt. 4. Petitioner may renew

14 his motion to stay if the circumstances of his case have changed.

15 **IV.   CONCLUSION**

16     For the foregoing reasons and for good cause shown,

17     1.   The Clerk is directed to correct the Court's electronic case management filing

18 system to reflect Petitioner's correct last name: "BAROCIO-MENDEZ."

19     2.   Petitioner's request to proceed IFP is DENIED as moot because he has paid the full

20 filing fee. Dkt. 3.

21     3.   The named Respondent listed as "Warden of Immigration Detention Facility" is the

22 proper Respondent, and all other named Respondents are DISMISSED.

23     4.   Petitioner's motion for appointment of counsel is DENIED without prejudice. Dkt. 5.

24     5.   Petitioner's motion to stay removal is DENIED without prejudice. Dkt. 4.

25     6.   The Clerk shall serve a copy of this Order and the petition and all at attachments

26 thereto upon Respondent (Warden of Immigration Detention Facility at Mesa Verde ICE

27 Processing Facility) and Respondent's attorney, the United States Attorney for the Northern

28 District of California, and the Attorney General of the United States in Washington, D.C. The

Clerk shall also serve a copy of this Order on Petitioner at his current address.

7. Respondent shall file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, an Answer responding to the allegations in the petition and showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all documents that are relevant to a determination of the issues presented by the petition.

8. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within **sixty (60) days** of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty (60) days** after the date Petitioner is served with Respondent's Answer.

9. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss a *pro se* action without prejudice when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases). Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

10. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

11. This Order terminates Docket Nos. 3, 4 and 5.

IT IS SO ORDERED.

Dated: January 12, 2021

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge