UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN BAROCIO-MENDEZ,[1]<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF IMMIGRATION DETENTION FACILITY, Warden,<br><br>Respondent. | Case No. 20-cv-06110-YGR (PR)<br><br>**ORDER DENYING PETITIONER'S MOTION TO EXPEDITE DECISION AND FOR RELEASE FROM DETENTION; AND ADDRESSING HIS OTHER PENDING MOTIONS** |

Petitioner filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his ongoing detention by the United States Immigration and Customs Enforcement ("ICE") at the Mesa Verde ICE Processing Facility in Bakersfield, California. Dkt. 1. On January 12, 2021, the Court issued its Order to Show Cause. Dkt. 10. Respondent has since filed an answer, and Petitioner has filed a traverse. Dkts. 14, 18.

Before the Court are Petitioner's "Motion to Expedite Hearing and Disposition and for Release Pending Habeas Corpus" and his motion to supplement the motion to expedite decision on his habeas petition and for release from detention. Dkts. 12, 13. He has also filed a motion to expand the record to include the March 10, 2021 Notice of Custody Determination. Dkt. 15. Respondent does not oppose Petitioner's motion to supplement and his motion to expand the record, and as such those motions are GRANTED. Dkts. 13, 15.

Respondent objects to Petitioner's motion to expedite "as moot because Respondent timely filed his Answer to Petition for Writ of Habeas Corpus on March 15, 2021." Dkt. 16 at 1 (citing Dkt. 14). And Respondent also objects to Petitioner's release from detention, stating the following:

> . . . [A]s set forth more fully in Respondent's Answer, Petitioner is

---

[1] In its January 12, 2021 Order to Show Cause, the Court noted that Petitioner's last name was incorrectly listed as "MENDEZ-BAROCIO" in the electronic case management filing system, and directed the Clerk of the Court to correct it to reflect his correct last name: "BAROCIO-MENDEZ." *See* Dkt. 10 at 1 fn. 1 (citing Dkt. 1 at 1). The Clerk has since corrected the spelling of his last name. However, the Court notes that in Petitioner's filings in the Ninth Circuit, his last name is still listed as "Mendez-Barocio." *See* Dkt. 19-1 at 1.

> subject to mandatory detention under 8 U.S.C. § 1226(c) for his removability based on his attempted murder and assault with a deadly weapon convictions, and his due process rights have not been violated. *See* [Dkt. 14]; *see also Mendez-Barocio v. Valinken*, et al., 19-cv-01319 (E.D. Cal.) (holding that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)). Furthermore, as was discussed by Respondent in his Answer, the government's requests for extensions to the brief filing deadlines in Petitioner's pending petition for review in the Ninth Circuit were necessitated by administrative necessity, and not for the purpose of delay. *See* Exhibits 1 & 2 (December 21, 2020 and February 22, 2020 motions). The government has endeavored to adjudicate Petitioner's petition for review as expeditiously as possible from the outset, exemplified by the filing of the motion to dismiss and opposition to Petitioner's stay motion on June 7, 2019. *See* 9th Cir. Docket in 19-70635 (9th Cir.). Moreover, Petitioner himself filed a motion to hold his petition for review in abeyance in an attempt to have his 2007 criminal convictions vacated, requested and received three extensions totaling 300 days to file his brief, and was permitted to file a replacement errata brief 30 days after his filing deadline. *See id.* Respondent therefore opposes Petitioner's motion to expedite as moot and further opposes his motion for release.

*Id.* at 1-2 (brackets added).

In addition, Respondent has more recently filed a "Notice of the Denial in Part and Dismissal in Part of Petition of Review in *Mendez-Barocio v. Garland*, 19-70635 (9th Cir.)." Dkt. 19. On May 25, 2021, the Ninth Circuit issued its "Memorandum," in which it denied in part and dismissed in part Petitioner's *pro se* petition for review of the Board of Immigration Appeals' order denying a motion to remand and dismissing his appeal from an immigration judge's decision finding him removable, denying his motions to terminate, and denying his application for relief under the Convention Against Torture. *See* Dkt. 19-1 at 1-4. On the same date, the Ninth Circuit also determined that the "stay of removal remains in place until issuance of the mandate." *Id.* at 4. To date, the Ninth Circuit has not yet issued its mandate. Instead, on September 7, 2021, Petitioner filed a petition for panel rehearing and petition for rehearing en banc in the Ninth Circuit. *See* Dkt. 45 in *Mendez-Barocio v. Garland*, 19-70635 (9th Cir.). To date, it seems that the aforementioned petitions are still pending. *See* 9th Cir. Docket in 19-70635 (9th Cir.).

To the extent that Petitioner's motion is construed as an objection to Respondent requesting an extension of time to file an answer to the petition, such an objection is DENIED as moot because, as stated above, Respondent has since filed a timely answer without any extension requests. *See* Dkt. 14. Secondly, having reviewed the record (including Petitioner's motion, any

supplements to the motion, and the proceedings before the Ninth Circuit), the Court finds no justification for special treatment of this habeas petition. Accordingly, the motion to expedite decision on his habeas petition and for release from detention is DENIED. Dkt. 12.

## **CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Petitioner's "Motion to Expedite Hearing and Disposition and for Release Pending Habeas Corpus" is DENIED. Dkt. 12.

2. The Court GRANTS Petitioner's motion to supplement the motion to expedite decision on his habeas petition and for release from detention, and GRANTS his motion to expand the record to include the March 10, 2021 Notice of Custody Determination. Dkts. 13, 15.

3. The parties are directed to continue to inform the Court of any updates as to the related proceedings in the Ninth Circuit, and specifically as to any rulings on Petitioner's pending petition for panel rehearing and petition for rehearing en banc.

4. This Order terminates Docket Nos. 12, 13, and 15.

IT IS SO ORDERED.

Dated: September 15, 2021

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge