UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MENDEZ-BAROCIO,<br><br>      Petitioner,<br><br>   v.<br><br>WARDEN OF IMMIGRATION DETENTION FACILITY, Warden,<br><br>      Respondent. | Case No. 20-cv-06110-YGR (PR)<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT** |

## I.   INTRODUCTION

Petitioner, Juan Mendez-Barocio, a removable alien formerly detained on behalf of the Department of Homeland Security ("DHS") at Mesa Verde Processing Center in Bakersfield, California, filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Dkt. 1. Respondent moves to dismiss the petition as moot. Dkt. 28. Petitioner has not filed any response to the motion.

For the reasons stated below, the Court GRANTS respondent's motion to dismiss and DISMISSES the petition as moot.

## II.   BACKGROUND

Petitioner is a native and citizen of Mexico who adjusted his status to that of a lawful permanent resident on January 12, 1990. *See* Kroman Decl. ¶ 4. On May 9, 2007, petitioner was convicted by a Monterey County jury of attempted murder, two counts of preventing/dissuading witness, six counts of assault with a deadly weapon, and one count of threats of violence. *See id.* ¶ 5. After completion of his 14-year sentence, he was immediately transferred to the custody of the United States Immigration and Customs Enforcement ("ICE") on May 29, 2018. *See id.* ¶ 6.

On the same date as his custodial transfer on May 29, 2018, petitioner was served with a Notice to Appear, placing him in removal proceedings before an Immigration Judge in San Francisco, California. *See id.* On August 24, 2018, the Immigration Judge held that petitioner was removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of two aggravated

felonies.  *See id.* ¶ 7.  Petitioner timely appealed the Immigration Judge's decision to the Board of Immigration Appeals ("BIA"), and, on March 7, 2019, the Board dismissed the appeal.  *See id.* ¶ 8; Dkt. 14-3.

On March 15, 2019, petitioner, proceeding *pro se*, filed a timely petition for review and motion for a stay of removal with the Ninth Circuit Court of Appeals challenging the underlying order of removal.  *See* Kroman Decl. ¶ 9.  On May 3, 2019, petitioner was served with a "Notice of Alien Custody Review," and three weeks thereafter, on May 24, 2019, ICE issued a "Decision to Continue Detention," informing petitioner that he would remain in custody pending resolution of his petition for review with the Ninth Circuit.  *See id.* ¶¶ 22-23.

Petitioner filed the instant petition on August 31, 2020.  Dkt. 1.  Petitioner, who was being detained at the time, claimed that he should be released from detention.  *See id.*  Petitioner argued that he was entitled to a bond hearing, and that his continued detention without a hearing violated the applicable law and his constitutional right to due process and equal protection.  *See id.*  Meanwhile, Respondent claimed that petitioner remained lawfully detained at that time.  Dkt. 14.  Respondent argued that under applicable law, petitioner did not have a statutory right to a bond hearing and that they should be allowed to continue detaining him.  *See id.*

On May 25, 2021, the Ninth Circuit denied in part and dismissed in part petitioner's petition for review, upholding the BIA's determination that petitioner's attempted murder and assault with a deadly weapon convictions were aggravated felonies that rendered him removable from the United States.  *See* Dkt. 19.  Petitioner filed a motion for panel rehearing and motion for rehearing en banc with the Ninth Circuit that were ultimately denied on October 19, 2021.  *See* Dkt. 24.

On October 28, 2021, the Ninth Circuit issued its mandate and denied petitioner's request to reinstate the stay of removal.  Dkts. 26-1, 26-2, 26-3.

On October 29, 2021, petitioner was removed to Mexico.  *See* Dkt. 28-1.

### III.   DISCUSSION

Article III, § 2, of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings.  This means that, throughout the litigation, the petitioner

"must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).  Once a case no longer presents a live Article III case or controversy, it is moot.  *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007).

A habeas petition is moot where the petitioner has been removed or released and there are no "collateral consequences" that would be redressed by granting a habeas petition where the alien is challenging the underlying conviction or removal order.  *See id.* at 1064 (citing examples where removal of alien without addressing the underlying conviction would mean that alien was barred for a number of years from reentering the country).

Here, petitioner has been removed to Mexico.  *See* Dkt. 28-1.  Thus, there is no longer a case or controversy on which this Court can grant relief.  *See Abdala*, 488 F.3d at 1063 (citation omitted) ("At any stage of the proceeding a case becomes moot when 'it no longer present[s] a case or controversy under Article III, § 2 of the Constitution.'") (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (brackets in original)).  Because this case is moot, there is no subject matter jurisdiction.  *See Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997) ("A federal court does not have jurisdiction to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.") (internal quotation omitted).  Moreover, petitioner has not established that any collateral consequences would exist or any exception would apply in his case.  Therefore, respondent's motion to dismiss is GRANTED, and the petition is DISMISSED as moot.

**IV.   CONCLUSION**

Accordingly, the Court GRANTS respondent's motion to dismiss (dkt. 28) and the instant petition is DISMISSED as moot.  The Clerk of the Court shall terminate all pending motions and close the file.

This Order terminates Docket No. 28.

IT IS SO ORDERED.

Dated: November 30, 2021

HON.  YVONNE GONZALEZ ROGERS
United States District Judge

3